◼ JAMES SHIELDS et al., Respondents, v FIRST AVENUE BUILDERS LLC et al., Appellants, et al., Defendant/Third-Party Plaintiff. MC & O MASONRY, INC., Third-Party Defendant-Respondent. [988 NYS2d 607]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 30, 2013, which, to the extent appealed from, denied so much of defendants-appellants' motion for summary judgment as sought dismissal of plaintiffs' Labor Law § 241 (6) claim as predicated on Industrial Code (12 NYCRR) § 23-9.2 (a), unanimously affirmed, without costs.

Plaintiff James Shields was cleaning a concrete pump, with the engine running, when a swing tube in the pump swivelled, severing his fingers. Plaintiff was inspecting a ring or groove in the tube for residual grout, and claims that the hydraulics that caused the pipe to move reengaged on their own, despite the fact that he had turned them off.

Third-party defendant, MC & O Masonry, Inc., failed to preserve its contention that the concrete pump is not "power-operated equipment" under Industrial Code subpart 23-9. In any event, the argument is unavailing, as the pump constitutes "power-operated heavy equipment or machinery used in construction" under 12 NYCRR 23-9.1 (*see St. Louis v Town of N. Elba*, 16 NY3d 411, 415 [2011]).

The third sentence of 12 NYCRR 23-9.2 (a), which states that "[u]pon discovery, any structural defect or unsafe condition in

[power-operated] equipment shall be corrected by necessary repairs or replacement," is inapplicable to the facts of this case. The evidence shows that neither defendants nor MC & O had prior actual notice of the unsafe condition of the hydraulics reengaging after they had been turned off (*see generally Misicki v Caradonna*, 12 NY3d 511, 521 [2009]), and the affidavits of plaintiffs' experts are insufficient to raise a triable issue of fact.

Nevertheless, dismissal of the claim is unwarranted, as the last sentence of 12 NYCRR 23-9.2 (a), which states that "[a]ny servicing or repairing of such equipment shall be performed only while such equipment is at rest," is applicable. That sentence is sufficiently specific to form a predicate basis for Labor Law § 241 (6) liability (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]; *see also Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 350-351 [1998]). Given the evidence that the pump would not operate properly if the ring or groove was not completely cleaned of grout after each use, plaintiff's work on the pump at the time of the accident constitutes "servicing" within the meaning of 12 NYCRR 23-9.2 (a). Further, the evidence that the engine was still running and that the hydraulics reengaged on their own shows that the machine was not "at rest." Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.